THOMAS F. CREAMER ET AL. *v.* THE MONARCH FUEL COMPANY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued March 4—decided April 20, 1943.

*Herbert L. Emanuelson,* for the appellants (plaintiffs).

*Martin E. Gormley,* for the appellee (defendant).

PER CURIAM. Oil being delivered by a hose from the defendant's oil truck overflowed a storage tank in the cellar of the named plaintiff, caught fire and caused injury and damage to the plaintiffs. The finding supports the conclusion of the trial court that the defendant was not negligent. The only question is whether the finding must be corrected.

A detailed analysis of the evidence would serve no useful purpose. The capacity of the storage tank was fifty-seven gallons. On a Friday, the plaintiff Thomas Creamer found the burner out and the tank empty. He put in five gallons and ordered fifty more from the defendant. On Tuesday the defendant's driver drove the truck to the house, set the meter at fifty gallons

and handed the hose nozzle to the plaintiff Laura Creamer, who had volunteered to assist him by opening the cellar window and taking the nozzle from him. She inserted the nozzle into the tank and adjusted the trigger, and the driver started to pump oil. Before the pump stopped the tank overflowed and the oil caught fire. When the automatic shutoff stopped the flow of oil to the tank, the gauge indicated that 49.9 gallons of oil had been pumped, and that was the total amount delivered. The only defect in the automatic shutoff was that it stopped the flow of oil just before the full quantity for which it had been set had been delivered.

The finding is supported by the evidence and cannot be materially corrected. The trial court concluded that the plaintiffs had not sustained the burden of proving the essential allegations of their complaint and that the evidence did not explain the cause of the overflow. It concluded further that "The evidence of the plaintiffs was, in many respects, exaggerated and, evidently, induced by a desire to obtain a favorable result rather than desire to testify as to recollection of facts." The case presents nothing more than a simple question of fact and the conclusion of the trial court may not be disturbed. *Fiala* v. *Connecticut Electric Service Co.*, 114 Conn. 172, 176, 158 Atl. 211.

There is no error.